**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN S. PINK, SB# 179685
   E-Mail: Jonathan.Pink@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

**CAPES SOKOL**
MICHAEL A. KAHN (*pro hac vice* pending)
   E-Mail: michaelakahn.com
8182 Maryland Avenue
Fifteenth Floor
St. Louis, Missouri 63105
Telephone: 314.505.5406

Attorneys for Plaintiff Dr. Hoon Kim and See Device Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEEDEVICE INC., a Delaware corporation, and DR. HOON KIM, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>KOREAN BROADCASTING SYSTEM, a Korean corporation; and KBS AMERICA, INC., a California corporation,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>**1. TRADE LIBEL; and**<br>**2. DEFAMATION**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiffs SEEDEVICE INC. ("SeeDevice"), and DR. HOON KIM ("Dr. Kim") (collectively, "Plaintiffs"), as for their Complaint against Defendants KOREAN BROADCASTING SYSTEM ("KBS") and KBS AMERICA, INC. ("KBS America") (collectively "Defendants"), allege as follows:

## JURISDICTION AND VENUE

1.     This action arises under 28 U.S.C. §1330(a)-(b), which grants district courts original jurisdiction and personal jurisdiction over suits against

145556905.1

foreign states. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331(a).

2. This Court has supplemental subject matter jurisdiction over Plaintiffs' state law claims against KBS America pursuant to 28 U.S.C. § 1367(a), since they are so related to the claims arising under 28 U.S.C. §1330(a)-(b) that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Jurisdiction over KBS also arises under 28 U.S.C. § 1605(a)(2), which abrogates foreign sovereign immunity in any case in which the action is based upon a commercial activity carried on in the United State by the foreign state. As herein alleged, KBS acts as an instrumentality of the Republic of Korea and engages in an ongoing course of commercial activity throughout the United States, including but not limited to, the operation of various radio networks, television channels, and Internet-exclusive services. Plaintiffs are informed and believe, and thereupon allege, said broadcasting services are insulated from Korean governmental influence and are customarily carried on for profit and for the purpose of trade or commerce. Plaintiffs are further informed and believe, and thereupon allege, KBS's commercial activities include advertising for a variety of private companies throughout the United States.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because KBS America is based in Los Angeles, California, and, is thus deemed to reside in this District. Additionally, Plaintiffs are informed and believe and thereupon allege, a substantial part of the events giving rise to this action occurred in this District.

## THE PARTIES

5. Plaintiff SeeDevice Inc., is a Delaware corporation, with a principal place of business at 333 City Boulevard, Orange, California 92868.

6. Plaintiff Dr. Hoon Kim, is an individual residing in the County of Orange, California and the Chief Executive Officer ("CEO") of SeeDevice.

7. Plaintiffs are informed and believe, and thereupon allege, Defendant KBS is a Korean corporation, headquartered in Seoul, South Korea.

8. Plaintiffs are informed and believe, and thereupon allege, Defendant KBS America is a California corporation headquartered in Los Angeles, California, and a subsidiary of Defendant KBS.

9. Plaintiffs are informed and believe, and thereupon allege, that Defendants were at all times material hereto the agents, servants, and employees of each of the remaining Defendants and were acting within the course and scope of such agency and employment in doing the things herein alleged. Whenever reference is made herein to the corporate Defendants performing or failing to perform any act, such shall be construed to mean that the officers, directors, control persons, supervisors, managers, employees, and agents of said corporate defendant performed, failed to perform, authorized, ratified, or permitted such acts or failures to act while engaged in the furtherance of the business or operations of said corporate defendant and while acting within the course and scope of their corporate authority and employment.

## INTRODUCTION

10. This is an action for injunctive and other relief, including general, special, and exemplary damages, arising out of Defendants' publication of a false, unprivileged, disparaging, and maliciously defamatory broadcast about Plaintiffs that has caused great injury to them both.

11. While Defendants have a long history of publishing false and defamatory broadcasts about Plaintiff Dr. Kim and one or more of his companies dating back to the early 2000s, on August 25, 2024, Defendants again made the Plaintiffs the target in a false and defamatory broadcast that

opened, curiously, with a reference to a2023 cover story from *Global Business Leaders Magazine* honoring Dr. Kim as one of the "20 Most Innovative Business Leaders to Watch in 2023" and highlighting the fact that Defendant SeeDevice's "patented QMOS™ (quantum effect CMOS) image sensor is paving the way to popularizing CMOS-SWIR sensor with its extraordinary performance at an affordable cost."

12. But then, pivoting from that recognition of Dr. Kim and his company , Defendants launched into an attack on Dr. Kim, stating that he has been engaged in "technology fraud" with respect to government funding dating back at least to 2007 and describing the new patented technology as "fake again this time" and "does not exist."

13. To purportedly support these false and defamatory claims, as more fully described below, Defendants cherry-picked excerpts from Korean court and administrative proceedings in order to mischaracterize the 2009 and 2012 decisions in which the courts found (a) no evidence that Dr. Kim's technology is "fake," "false," or "does not exist" and (b) no evidence that Dr. Kim engaged in "technology fraud." Indeed, the Seoul Administrative Court not only upheld the legitimacy of Dr. Kim's technology but endorsed its superiority.

14. Plaintiffs brought these errors to Defendants' attention on September 3, 2024, and requested corrective action be taken promptly. *See* September 3, 2024, Letter from Plaintiffs' Counsel to Defendants, attached hereto as Exhibit A. To date, Defendants have failed to make any correction and/or respond to Plaintiffs' letter, thus necessitating the instant lawsuit.

15. Discovery in this lawsuit will expose the motive(s) behind Defendants' latest attack on the reputations of Dr. Kim and his company. Indeed, a simple comparison of the contents of Defendants' broadcast with (a) the final opinions of those Korean courts from more than a decade ago and (b)

the more recent technological achievements of these Plaintiffs will establish beyond dispute the actual malice of the libel committed by these Defendants.

## FACTS COMMON TO ALL ALLEGATIONS

16. Plaintiff Dr. Kim is a world-renowned innovator in the field of nanophotonic and quantum electronics in which he has over thirty-five years of experience. Dr. Kim is the inventor and, with his company, the owners of more than 60 worldwide patents in that field.

17. During the early 2000s, Dr. Kim faced some challenges in relation to his quantum image sensor technology ("Subject Technology"), including baseless accusations that he engaged in technology fraud. In 2009, these false allegations were taken to the Seoul High Court, which ultimately could not conclude that Dr. Kim's image sensor technology was "fake" because the pixel sensitivity of Dr. Kim's image sensor was "hundreds or thousands of times higher than the pixel sensitivity of existing CMOS image sensors." *See* 2009 Seoul High Court decision with certified translation ("2009 Decision"), attached to Ex. A as Attachment 3, at pp. 20, 24.

18. Despite the Seoul High Court's findings, the Korean Evaluation Institute of Industrial Technology alleged there were problems with Dr. Kim's technology, and in 2011, ordered the return of a 9.2 billion KRW (Korean won) government grant ("2011 Order").

19. However, the allegations that Dr. Kim's technology was "fake" were later proven false and the order mandating Dr. Kim to return the 9.2 billion KRW grant was *reversed* in 2012. *See* Judgment of the Seoul Administrative Court, dated May 10, 2012, ("2012 Judgment") with certified translation, attached to Ex. A as Attachment 4, at pp. 1, 6.

20. The Seoul Administrative Court in its 2012 Decision, further found KBS was involved in forming the Committee that made unfounded declarations disputing the legitimacy of the subject technology, which

145556905.1

5
COMPLAINT

1  ultimately led to the erroneous 2011 Order.  The Court specifically stated:

> *"…when the Korean Broadcasting System raised objections to the Defendant [Korea Evaluation Institute of Industrial Technology] again regarding the Project of the Case, the Defendant formed the 'Nano Image Sensor Research Integrity Verification Re-investigation Committee' (hereinafter referred to as the 'Re-investigation Committee") and conducted a re-investigation on the Project of the Case.  **The Re-investigation Committee could not determine whether the research was fraudulent around December 2010 but concluded there was no differentiation between the technology of the project and the existing CMOS technology**, and that the image sensitivity couldn't not be said to be about 500 times high, and nanotechnology was not applied…On June 20, 2011, the Defendant notified the Plaintiff to return KRW 9.22 billion government grant paid for the Project of the Case…."*

*Id.* at p. 3 (emphasis added).  The Administrative Court then agreed with Dr. Kim that the Re-investigation Committee's demand for the return of the government funds was illegal.  It also confirmed "…Hoon Kim did not commit research misconduct in carrying out the project at issue," and found there to be "no evidence to support the assertion that the Plaintiff [Korea Electronics Technology Institute] and Hoon Kim committed fraudulent misconduct while carrying out the project at issue." *Id.* at pp. 10, 11.

21. In fact, the Seoul Administrative Court not only upheld the legitimacy of Dr. Kim's technology, but found it to be superior to the existing technology.  *Id.* at p. 6.

22. In 2017, Dr. Kim founded his company, SeeDevice Inc. ("SeeDevice"), a QMOS™ SWIR sensor developing company.

23. Currently, Dr. Kim operates SeeDevice in the United States. More recently, SeeDevice has developed a monitoring device that measures blood sugar in real time using only the Subject Technology.  This new breakthrough

has garnered increased media attention and offers from investors. In fact, SeeDevice's groundbreaking technology has led to a collaboration with a a number of tech companies, which are actively assisting SeeDevice in acquiring additional funding.

24. Specifically, Plaintiffs entered into a purchase agreement with another entity pursuant to which Plaintiffs would receive a substantial confidential payment/investment in the hundreds of millions of dollars (USD); for Plaintiffs' intellectual property rights (the "Purchase Agreement").

25. Plaintiffs are informed and believe, and thereupon allege, Defendants were aware of these pending investments in SeeDevice.

26. On or about August 25, 2024, Defendant KBS and its subsidiary, Defendant KBS America, published on the KBS News YouTube channel an "exclusive report" (the "KBS Report") about Plaintiff Dr. Kim and a company that is clearly identifiable as Plaintiff SeeDevice. *See* https://www.youtube.com/watch?v=ihO47Ftu0ag, (last accessed on September 10, 2024.) The content of the KBS Report was translated into English using YouTube's auto-translate subtitles and was further authenticated by a certified English translation. *See* Exhibit A, Attachment 2.

27. Specifically, the KBS Report identified Dr. Kim as the developer of quantum image sensor technology. *Id.* at p. 2. Furthermore, Defendants displayed a screen shot of a cover story from *Global Business Leaders Magazine*'s website, honoring Dr. Kim as one of the twenty most innovative business leaders to watch in 2023. *See* https://www.youtube.com/watch?v=ihO47Ftu0ag, at 0:25 (last accessed on September 10, 2024.)

28. The KBS Report also identified Plaintiff SeeDevice by displaying said screenshot, which further described Dr. Kim as the CEO of a company located in "the heart of Southern California" "[e]stablished in 2017 by Dr.

1	Kim" that "is making waves by developing a QMOS™ (quantum effect
2	CMOS) SWIR image sensor." *Id*. Accordingly, even though SeeDevice's
3	name is redacted from the screenshot, persons who viewed the KBS Report
4	would understand that the referenced "company" pertained to SeeDevice.

5	　　　29.　　The KBS Report contained the headline, "'Quantum'
6	Technology that Did Not Exist 19 Years Ago… 'Fake Again This Time'" and
7	made the following statements:

> *…However, KBS has raised suspicions of 'technology fraud' since 2007, and the Korea Institute of Industrial Technology Evaluation and Management decided to take back the government grant treating Dr. Kim's technology as fake.*
>
> *…Return of the full research grant amount, 9.2 billion (KRW), has been decided for nanotechnology that turned out to be fake."*
>
> *…Dr. Kim, who left for the United States, returned and started business again with image sensor technology, but an internal informant says that Dr. Kim's technology is not real again this time.*

Ex. A., Attachment 2, at pp. 1-2.

　　　30.　　The KBS Report also quotes an "insider" as saying there was "no basis" in the legitimacy of the technology before, and "there's no basis now." *Id*.

　　　31.　　The statements that Dr. Kim engaged in "technology fraud," there is "no basis" in his technology, and the technology "did not exist before," is "fake again this time," and is "false" are incorrect assertions of fact as established by the 2009 Decision and the 2012 Judgment. Defendants, however, make no mention of the actual outcomes of the 2009 Decision or the 2012 Judgment, which refute every one of their false assertions.

32. Plaintiffs are informed and believe, and thereupon allege, KBS America re-broadcasted the KBS Report multiple times throughout the United States.

33. As a direct and proximate result of the false statements made in the KBS Report, the completion of the transaction contemplated by the Purchase Agreement is at risk of being withdrawn.

34. In order to mitigate the damage caused by the KBS Report, Plaintiffs, via their counsel, sent Defendants a demand for correction of the factual errors in the KBS Report, but to no avail. *See* Ex. A. In light of Defendants' silence, Plaintiffs have filed the instant lawsuit to mitigate the harmful effects of the aforementioned false statements.

## FIRST CLAIM FOR RELIEF

### (Trade Libel)

### (By All Plaintiffs Against All Defendants)

35. Plaintiffs incorporate by this reference the averments of Paragraphs 1 through 34, above, as though fully set forth herein.

36. Defendants intentionally and with reckless disregard made and published false statements about Plaintiffs SeeDevice and Dr. Kim.

37. Specifically, on or about August 25, 2024, Defendant KBS and its U.S. subsidiary, Defendant KBS America, published the KBS Report about Plaintiff Dr. Kim and a company that is clearly identifiable as Plaintiff SeeDevice. *See* https://www.youtube.com/watch?v=ihO47Ftu0ag, (last accessed on September 10, 2024.)

38. The KBS Report contained statements that Dr. Kim engaged in "technology fraud," there is "no basis" in his technology, and the technology "did not exist before," is "fake again this time," and is "false." *See* Ex. A., Attachment 2, at pp. 1-2.

39. The foregoing statements are erroneous statements of fact, not

opinion, and are misleading for the following reasons:

    a.    In 2009, the Seoul High Court stated it could not conclude that Dr. Kim's image sensor technology is fake. *See* 2009 Decision, at p. 24.

    b.    The allegations that Dr. Kim's technology was "fake" were later proven false and the 2011 Order mandating Dr. Kim to return the 9.2 billion KRW grant was reversed in 2012. *See* 2012 Judgment, at pp. 1, 6. Notably, the "ultra sensitivity image sensor technology" referred to in the 2012 Judgment is the very technology referenced in the KBS Report.

    c.    The Seoul Administrative Court further agreed with Dr. Kim that the Re-investigation Committee's demand for the return of the government funds was illegal, confirmed "…Hoon Kim did not commit research misconduct in carrying out the project at issue," and found there to be "no evidence to support the assertion that the Plaintiff and Hoon Kim committed fraudulent misconduct while carrying out the project at issue." *Id.* at pp. 10, 11.

    d.    The Seoul Administrative Court found the Subject Technology to be superior to the existing technology. *Id.* at p. 6.

40.    Accordingly, Defendants' failure to report the findings of the 2009 Decision and the 2012 Judgment in the KBS Report renders their material assertions of fact as to the integrity of Plaintiffs and the Subject Technology untrue and misleading.

41.    At the time they made them, Defendants knew that the statements were false or misleading and acted in reckless disregard for the truth or falsity of the statements. These statements were intentionally published and were not privileged.

42.    Defendants' statements were published to third parties, including actual and potential investors of Plaintiffs, and to the general public.

43.    Defendants' statements disparaged the integrity of Dr. Kim's quantum image sensor technology and, by association, the integrity of his

company, SeeDevice.

44. Defendants' statements made in the KBS Report have caused the completion of the transaction contemplated by the Purchase Agreement to be at risk of being withdrawn. Plaintiffs are also informed and believe, and thereupon allege, the false and misleading statements made in the KBS Report has induced others not to deal with Plaintiffs or invest in SeeDevice.

45. Plaintiffs are informed and believe, and thereupon allege, Defendants' statements were a proximate cause of Plaintiffs Dr. Kim and SeeDevice losing actual and prospective investors, revenues, and profits.

46. Plaintiffs Dr. Kim and SeeDevice are therefore entitled to recover compensation for these damages, plus interest, in an amount subject to proof at trial.

47. Plaintiffs are informed and believe, and thereupon allege that Defendants, in doing these acts alleged herein, acted with ill will or malice and/or a desire to destroy or otherwise inflict injury on Dr. Kim and SeeDevice and thereby benefit Defendants. Specifically, Defendants were aware that the Seoul Administrative Court had found KBS to be involved in forming the Committee that made unfounded declarations disputing the legitimacy of the subject technology, which ultimately led to the erroneous 2011 Order. Further, Defendants were aware that the 2011 Order was later revoked by the 2012 Judgment. Still, Defendants made the false and misleading statements regarding Dr. Kim's technology and SeeDevice in the KBS Report. Plaintiffs Dr. Kim and SeeDevice are therefore entitled to exemplary or punitive damages to punish Defendants and deter future misconduct.

48. Plaintiffs Dr. Kim and SeeDevice have no adequate remedy at law for the injuries being suffered in that it will be impossible to repair the damage to reputation and goodwill suffered as a result of these acts and a judgment for monetary damages alone will not end the violation of their

1 rights.

2   49. Plaintiffs Dr. Kim and SeeDevice, to preserve their good will and reputation for groundbreaking, innovative technology, are, therefore, entitled to an injunction prohibiting Defendants' further misconduct.

## SECOND CAUSE OF ACTION

**(Defamation)**

**(By All Plaintiffs Against All Defendants)**

  50. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 49 above, as though set forth fully herein.

  51. As alleged above, on or about August 25, 2024, Defendants caused false and misleading statements regarding the integrity of Dr. Kim's quantum image sensor technology to be published in the KBS Report and of a company third-parties reasonably understand to be Plaintiff SeeDevice.

  52. Specifically, the assertions that Dr. Kim engaged in "technology fraud," there is "no basis" in his technology, and the technology "did not exist before," is "fake again this time," and is "false" are erroneous statements of fact.

  53. Defendants caused these false statements to be published to third persons when they knew the statements to be false

  54. The false statements in the KBS Report were broadcasted to the general public, including actual and prospective investors in SeeDevice and Dr. Kim's Subject Technology.

  55. These persons reasonably understood the false statements made in the KBS Report to mean that the Subject Technology was fake and never existed, and that Plaintiffs engaged in technology fraud.

  56. As a result, the completion of the transaction contemplated by the Purchase Agreement is at risk of being withdrawn.

  57. In doing the acts alleged herein, Defendants acted with malice,

oppression or fraud and with willful conscious disregard of Plaintiffs' rights, which caused them to suffer and continue to suffer damage to their reputation, business, and personal shame. Plaintiffs are therefore entitled to punitive damages.

58. Plaintiffs have no adequate remedy at law for the injuries being incurred in that it will be impossible to repair the damage to reputation and goodwill suffered as a result of Defendants' acts, and a judgment for monetary damages alone will not end the violation of their rights.

59. Plaintiffs, to preserve their good will and reputation for developing groundbreaking, innovative technology, is, therefore, entitled to an injunction prohibiting Defendants' further misconduct.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

1. That judgment be entered in favor of Plaintiffs and against all Defendants on all claims for relief in Plaintiffs' Complaint;

2. For actual damages suffered by Plaintiffs in an amount to be proven at trial on all of Plaintiffs' claims for relief;

3. For presumed damages in the amount necessary to compensate Plaintiff;

4. For punitive and exemplary damages in the amount necessary to punish and deter Defendants; and

5. For such other and further relief as the Court deems just and proper.



1  DATED: September 11, 2024        JONATHAN S. PINK
2                                   LEWIS BRISBOIS BISGAARD & SMITH LLP

3                                   MICHAEL A. KAHN (*pro hac vice* pending)
4                                   CAPES SOKOL

5
6                                   BY:___/s/ __Jonathan S. Pink_____
                                    Jonathan S. Pink
7                                   Attorneys for Plaintiffs Dr. Hoon Kim and
                                    SeeDevice Inc.
8

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. Pro. Rule 38, Plaintiffs hereby demand a trial by jury on all issues set forth herein that are properly triable to a jury.

DATED: September 11, 2024

JONATHAN S. PINK
LEWIS BRISBOIS BISGAARD & SMITH LLP

MICHAEL A. KAHN (*pro hac vice* pending)
CAPES SOKOL

By: /s/ Jonathan S. Pink
Jonathan S. Pink
Attorneys for Plaintiffs Dr. Hoon Kim and SeeDevice Inc.