1  Lisa J. Yang (SBN 208971)
   Lisa.Yang@LimNexus.com
2  Jungji Choi (SBN 314117)
3  Jungji.Choi@LimNexus.com
4  **LIMNEXUS LLP**
   707 Wilshire Boulevard, 46th Floor
5  Los Angeles, California 90017
   Phone: (213) 955-9500
6  Facsimile: (213) 955-9511
7
8  Attorneys for Defendants Korean Broadcasting System and KBS America, Inc.

9  
10                    **UNITED STATES DISTRICT COURT**
                      **CENTRAL DISTRICT OF CALIFORNIA**
11                            **WESTERN DIVISION**

| | |
|---|---|
| 12  SEEDEVICE INC., a Delaware corporation, and DR. HOON KIM, an individual | Case No. 2:24-cv-7779 MWF (PDx) |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES AND COSTS IN CONNECTION WITH DEFENDANTS' SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION) PURSUANT TO CCP 425.16(c)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| KOREAN BROADCASTING SYSTEM, a Korean corporation; and KBS AMERICA, INC., a California corporation, | |
| Defendants. | Date:  June 2, 2025<br>Time: 10:00 A.M.<br>Ctrm: 5A<br>Hon. Michael W. Fitzgerald<br><br>Trial Date: None Set |

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS FEES IN CONNECTION WITH ANTI-SLAPP MOTION PER CCP 425.16(C)(1)**

PLEASE TAKE NOTICE that on June 2, 2025 at 10:00 a.m., Defendants Korean Broadcasting System and KBS America, Inc. (collectively "KBS Defendants") will, and hereby do, move this Court for an order granting the current Motion for Award of Attorneys' Fees and Costs ("Motion for Fees") incurred in connection with their Special Motion to Strike Plaintiffs' Complaint ("Anti-SLAPP Motion") pursuant to California Code of Civil Procedure ("CCP") § 425.16(c)(1).

The Court granted most of Defendants' Anti-SLAPP Motion, striking certain claims and allegations in Plaintiffs' Complaint with the Order dated March 21, 2025 (ECF No. 74) and all subsequent modifications made by the Court on or about March 25, 2025 (ECF Nos. 75, 76). The KBS Defendants are concurrently filing a Motion for Clarification / Reconsideration ("Motion for Clarification") regarding several aspects of the Orders, the result of which is likely to impact the scope of attorneys' fees and costs to be awarded to the KBS Defendants (either jointly or severally). However, the KBS Defendants are filing this Motion for Fees in an abundance of caution, with expectation that it may have to be re-filed or modified following this Court's ruling on the Motion for Clarification.

The above notwithstanding, this Motion for Fees is based upon the following grounds:

Defendants, as the prevailing parties to an Anti-SLAPP motion, are entitled to a mandatory award of attorney's fees and costs pursuant to California Code of Civil Procedure § 425.16(c)(1).

Defendants seek $100,845 in fees and $4,656 in costs, which represents the reasonable attorney's fees and costs that Defendants incurred pursuing its anti-SLAPP motion. Defendants also are entitled to, and seek to recover, the fees and costs for litigating this Motion. (Defendants' reply in support of this Motion shall include a supplemental declaration setting forth the additional fees and costs Defendants will have incurred in litigating this Motion.)

This motion will be further based upon this Notice of Motion, the attached Memorandum of Points and Authorities; the contemporaneously filed Declaration of Lisa J. Yang ("Yang Decl.") and exhibits thereto; upon the records and files in this action, including those presented at the hearing on the concurrently-filed Motion for Clarification / Reconsideration; and upon such further argument and evidence (if any) as may be presented to the Court at or before the hearing on this Motion.

On April 4, 2025, counsel for Defendants sent an email to Plaintiffs' counsel explaining that Defendants intended to move for its fees and costs incurred in connection with the Anti-SLAPP Motion, and asking to meet and confer either at that time or a later time since the scope of the Motion for Fees may change depending on the outcome of the Motion for Clarification. Therefore, pursuant to Civil L.R. 7-3, this Motion is made following the beginning of the meet and confer process, but which process is expected to be completed following the Court's ruling on the Motion for Clarification.

Dated: April 4, 2025            Respectfully submitted,

**LIMNEXUS LLP**

By: _/s/ Lisa Yang_
Lisa A. Yang, Esq.
Jungji Choi, Esq.
Attorneys for Defendants Korean Broadcasting
System and KBS America, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court's Order dated March 21, 2025 (ECF 74) granted Defendants' Anti-SLAPP Motion in part without leave to amend as to those statements made by or characterizing statements made regarding the technology developed by Plaintiff Hoon Kim ("Dr. Kim"). The Court denied the Anti-SLAPP Motion as to the statement concerning the return of the government research grant to Dr. Kim.

The anti-SLAPP statute is clear that because Defendants prevailed on its anti-SLAPP motion to strike the Complaint, Defendants "shall be entitled to recover [its] attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1) (emphasis added). The award of fees and costs is "mandatory." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1142 (2001).

Through this Motion, Defendants request $105,501 fees and costs, plus fees and costs incurred in filing this Motion, as well as those incurred in litigating the concurrently-filed Motion for Clarification / Reconsideration. The requested amounts are reasonable. Defendants were required to devote significant resources to the anti-SLAPP motion. The fees incurred were well in line with rates charged by attorneys at peer firms with comparable skills, experience, and reputations to Defendants' counsel.

Defendants respectfully submit that the Court should grant their Motion.

## II. BACKGROUND

The Court is familiar with the background of this case, so Defendants briefly summarize the allegations and procedural background most relevant to this Motion.

On September 11, 2024, Plaintiffs filed the Complaint which included claims of defamation amongst other claims regarding an allegedly false and defamatory news broadcast aired by Defendants concerning Defendants.

On December 16, 2024, Defendants filed a motion to dismiss and the anti-SLAPP motion.

On March 21, 2025, the Court granted Defendants' anti-SLAPP Motion in part without leave to amend as to those statements made by or characterizing statements made by the company whistleblower. The Court denied the anti-SLAPP motion as to the statement concerning the return of the government grant. The Court also denied Defendants' motion to dismiss.

### III. ARGUMENT

California's anti-SLAPP laws are found in California Code of Civil Procedure Section 425.16 and is "intended to discourage … strategic lawsuits against public participation by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional rights of freedom of speech.'" *Ketchum* at 1131. The statute states that "a prevailing defendant on a special motion to strike shall be entitled to recover [its] attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1) (emphasis added). That provision makes attorney's fees and costs "mandatory" for "any SLAPP defendant who brings a successful motion to strike." *Ketchum* at 1131.

Further, Section 425.16(c)(1) applies to anti-SLAPP motions in federal court. *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) ("We have previously confirmed that defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail.").

A defendant that prevails on an anti-SLAPP motion to strike is generally entitled to recover attorney's fees and costs. *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co.*, 56 Cal. App. 5th 413, 425 (2020). "The fees awarded should encompass all proceedings directly related to defendants' special motion to strike, including those hours expended in obtaining fees." *Grant & Eisenhofer, P.A. v. Brown*, 2018 WL 4945303, at *1 (C.D. Cal. May 14, 2018).

### A. Defendants Are "Prevailing Defendants" Under Cal. Civ. Proc. Code § 425.16(c)(1)

Defendants are prevailing defendants under the anti-SLAPP statute. The anti-SLAPP statute reflects the Legislature's "strong preference for awarding attorney fees to successful defendants." *Mann v. Quality Old Time Service, Inc.*, 139 Cal.App.4th 328, 338. The term "prevailing party" must be "interpreted broadly to favor an award of attorney fees to a partially successful defendant." *Id*, citing *ComputerXpress, Inc. v. Jackson*, 93 Cal.App.4th 993, 1018, 11 (2001). "A party who partially prevails on an anti-SLAPP motion must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion. The determination whether a party prevailed on an anti-SLAPP motion lies within the broad discretion of a trial court." *Mann* at 340. A defendant that succeeds in striking even a single claim has prevailed. *See*, e.g., *R & R Surgical Inst. v. Int'l Longshore & Warehouse Union*, No. CV2100640MWFASX, 2022 WL 2189522, at *2 (C.D. Cal. Apr. 26, 2022); *Scott v. Kelkris Assocs., Inc.*, No. CIV. 2:10-1654 WBS, 2012 WL 1131360, at *4 (E.D. Cal. Mar. 29, 2012); and *Zopatti v. Rancho Dorado Homeowners Ass'n*, 2010 WL 5174534, at *4 (S.D. Cal. Dec. 15, 2010).

Here, the Court granted a significant portion of Defendants' anti-SLAPP motion, which means that they must be considered a prevailing party unless there were insignificant results. In granting Defendants' anti-SLAPP Motion, the court

greatly narrowed the scope of Plaintiffs' complaint by removing the statements made by or characterizing statements made by the Quantapia's whistleblower. This change significant as the stricken portions of the Complaint were the most dramatic part of Plaintiffs' claims against Defendants. With these statements being removed from the litigation, Plaintiffs are only left with a claim for failure to mention a 2012 Korean court order. The Order restricting the scope of Plaintiffs' claims has a measurable impact on the merits of their claims, in other words, Defendants' defenses of such claims.

### B. Defendants' Requested Fees and Costs Are Reasonable

The amount of an attorney fee award under the anti-SLAPP statute is computed by the trial court in accordance with the lodestar method. *Marshall v. Webster*, 54 Cal. App. 5th 275, 285 (2020). A defendant should not be entitled to obtain *as a matter of right* his or her entire attorney fees incurred on successful and unsuccessful claims merely because the attorney's work on those claims was overlapping. Instead, the court should first determine the lodestar amount for the hours expended on the successful claims, and, if the work on the successful and unsuccessful causes of action was overlapping, the court should then consider the defendant's relative success on the motion in achieving his or her objective, and reduce the amount if appropriate. *Malin v. Singer*, 217 Cal. App. 4th 1283, 1305 (2013). The fees awarded to a defendant who was only partially successful on an anti-SLAPP motion should be commensurate with the extent to which the motion changed the nature and character of the lawsuit in a practical way, and the court should also consider any other applicable relevant factors, such as the experience and abilities of the attorney and the novelty and difficulty of the issues, to adjust the lodestar amount as appropriate. *Id*. Even if an anti-SLAPP motion is granted only as to some claims, the partially successful defendant is entitled to attorney

fees; the lack of success on other claims is relevant to the amount of, but not the right to, fees.

When assessing attorney fees, a court "begins with a touchstone or lodestar figure," calculated by multiplying "the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work." *Crestmont Cap., LLC v. P.A.R. Consulting, LLC*, 2020 WL 6528418, at *2-3 (C.D. Cal. Sept. 17, 2020). "There is a strong presumption that the lodestar figure represents a reasonable fee, and any upward or downward adjustment of that figure is proper only in 'rare and exceptional cases.'" *Fleming v. Coverstone*, 2009 WL 764940, at *6 (S.D. Cal. Mar. 18, 2009). Defendants' requested fees and costs are also reasonable.

### 1. Summary of Fees and Costs Requested

Defendants' request for fees is supported by detailed billing documentation of work done and time spent. As set forth in the records, the accompanying Declaration of Lisa J. Yang ("Yang Decl."), and summarized below, Defendants have accrued $105,501 in fees and costs to prosecute its anti-SLAPP motion through the date of the Court's Order. (Yang Decl., at ¶15.) The complete lodestar calculation for Defendants' fees sought through this Motion is set forth below:

| Biller/category | No. hours | Total |
|---|---|---|
| Lisa J. Yang | 102.1 | $61,170 |
| Chan Jeon | 9.6 | $5,760 |
| Mark Hansen | 2 | $1,200 |
| Jungji Choi | 50.8 | $22,860 |
| Yidu Sun | 21.9 | $9,855 |
| Costs | - | $4,656 |
| **Total** | **186.4** | **$105,501** |

In addition, Defendants seek fees and costs to prosecute this Motion through briefing and argument. Defendants will submit those amounts in the reply with a supporting declaration to document the fees incurred.

## 2. The Number of Hours Claimed Is Reasonable

A fee award is "not unreasonable simply because it involves a lot of money. The operative question is not the dollar amount, but whether the rates charged, and the hours spent are reasonable in light of the totality of the litigation." *Maloney v. T3Media, Inc.*, 2015 WL 3879634, at *10 (C.D. Cal. May 27, 2015). In determining whether the number of hours expended on anti-SLAPP efforts is reasonable, courts examine "the complexity of the case," including whether it presents novel issues. *Welk Resort Grp., Inc. v. Reed Hein & Assocs., LLC*, 2020 WL 553932, at *2 (S.D. Cal. Feb. 4, 2020).

Defendants' counsel devoted a reasonable number of hours to the Anti-SLAPP Motion to strike the Complaint. The motion required Defendants' counsel to research and respond to multiple claims and allegations regarding purported defamatory statements, including working with counsel from other law firms and attorneys outside the United States as one of the defendants is a foreign corporation. Defendants' counsel had to analyze and address cases and rulings in other states and outside the United States that involved the Plaintiffs and on similar claims. Furthermore, Defendants' counsel had to conduct investigations within Defendants' organization, one of which was in South Korea which made the investigation more costly and difficult.

Defendants also tried to minimize as much duplicative work as possible by incorporating their research and arguments, where applicable, from their motion to dismiss the Complaint into their anti-SLAPP motion to strike the Complaint. As a result, the fees Defendants incurred in connection with their motion to strike the Complaint have already been reduced by approximately 35%.

The reasonableness of the hours involved is further demonstrated by what Defendants are not claiming in recoverable fees on this Motion. Defendants do not seek fees for tasks not directly related to the anti-SLAPP motion or this Motion. For example, Defendants do not request compensation for the time spent on general case management; discovery; or any analyses of issues unrelated to the Anti-SLAPP Motion.

Defendants filed a motion to dismiss in parallel with the Anti-SLAPP Motion, but the work on that motion was coextensive with the work on the Anti-SLAPP Motion. Courts routinely allow parties to recover fees for simultaneously filed motions to strike and dismiss in these circumstances. *See*, e.g., *Fallay v. San Francisco City & Cnty.*, 2016 WL 879632, at *5 n.8 (N.D. Cal. Mar. 8, 2016) ("The anti-SLAPP motion also, in arguing that Plaintiff could not show a reasonable probability of prevailing on his state law claims, argued that Plaintiff failed to state a claim as to those state law claims. Thus, the work done on the motions to dismiss as to those state law claims is inextricably intertwined with … the anti-SLAPP motion.").

Defendants also seek compensation for the time necessary to fully brief and argue this Motion. The anti-SLAPP statute mandates "'fees on fees,' including those incurred in litigating the award of attorney fees. *Ketchum* at 1141.

### 3. The Requested Hourly Rates Are Reasonable

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *March v. Twin Cities Police Auth.*, 2014 WL 3828172, at *2 (N.D. Cal. Aug. 4, 2014). Defendants' counsel rates are wholly consistent with the market rates for attorneys and paralegals of comparable skill, experience, and reputation at larger California law firms. Counsel working on this matter also possesses specialized skill and experience in working with Korean

7
**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS FEES IN CONNECTION WITH ANTI-SLAPP MOTION PER CCP 425.16(C)(1)**

clients, including Korean businesses. The paralegals who worked on this matter likewise were also highly skilled and experienced.

Defendants seek fees for attorneys and paralegals at rates that were actually charged to them. When defendant pay the rates for which "they now seek reimbursement is evidence the rates are reasonable" as the actual rate that an attorney charges in the market is itself "highly relevant proof of the prevailing community rate.'" *Maloney* at *5. The rates charged to Defendants are based on each timekeeper's experience and seniority. In sum, this case does not present any "rare and exceptional" circumstances to justify adjusting Defendants' lodestar figure. *See Fleming*, at *6.

### 4. Defendants' Costs Are Reasonable

Defendants incurred $105,501 in out-of-pocket costs in connection with the anti-SLAPP motions. These costs include $4,656 in costs for certified translation of Korean language documents. The costs are reasonable for the length and complexity of the documents needed for translation, including a Korean court judgment in excess of 30 pages. *See Youngevity Int'l v. Smith,* 2020 WL 7048672, at *4 (S.D. Cal. Oct. 7, 2020) (awarding "costs to provide courtesy copies to this Court"); *Smith v. Aetna Life Ins.*, 2020 WL 6055147, at *12 (S.D. Cal. Oct. 14, 2020) (awarding "postage" and "service/messenger fees"). That number does not include costs unassociated with the anti-SLAPP motions.

In addition, Defendants request out-of-pocket costs incurred to brief and argue this Motion, which amounts Defendants will submit with its Reply brief.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order Plaintiffs to pay Defendants $100,845 in attorney's fees and $4,656 in costs, plus additional fees and costs incurred in connection with this Motion, under the mandatory provisions of California Code of Civil Procedure § 425.16(c)(1).

| | |
|---|---|
| Dated: April 4, 2025 | Respectfully submitted,<br><br>**LIMNEXUS LLP**<br><br>By: _/s/ Lisa Yang_<br>Lisa A. Yang, Esq.<br>Jungji Choi, Esq.<br>Attorneys for Defendants Korean Broadcasting System and KBS America, Inc. |

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS FEES IN CONNECTION WITH ANTI-SLAPP MOTION PER CCP 425.16(C)(1)**

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Korea Broadcasting System and KBS America, Inc., certifies that this brief contains 2,265 words, which complies with the word limit of Local Rule 11-6.1.

Dated: April 4, 2025					LIMNEXUS LLP

							By: _____
							Lisa J. Yang
							Jungji Choi
							Attorneys for Defendants
							Korean Broadcasting
							System and KBS America, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, 46th Floor, Los Angeles, California 90017.

On April 4, 2025, I served the foregoing document described as:

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES AND COSTS IN CONNECTION WITH DEFENDANTS' SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION) PURSUANT TO CCP 425.16(c)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

on the interested parties in this action as follows:

| | |
|---|---|
| Jonathan S. Pink<br>Jonathan.pink@lewisbrisbois.com<br>**Lewis Brisbois Bisgaard and Smith LLP**<br>633 West 5th Street, Suite 4000<br>Los Angeles, CA 90071<br>*Attorneys for Plaintiffs* | Megan L. Meier<br>Megan.meier@mwpp.com<br>Amy McCann Roller<br>amr@mwpp.com<br>Hannah Menchel<br>Hannah.menchel@mwpp.com<br>**Meier Watkins Phillips Pusch LLP**<br>919 18th Street, NW, Suite 650<br>Washington, DC 20006<br>*Attorneys for Plaintiffs* |

[✓] BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused a copy of the document(s) to be sent from e-mail address bill.castleberry@limnexus.com to the persons at the e-mail address(es) listed above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

DATED: April 4, 2025

_____
Bill Castleberry