UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**   ORDER GRANTING IN PART MOTION FOR
                                 ATTORNEYS' FEES AND COSTS [80]

Before the Court is the Motion for Attorneys' Fees and Costs (the "Motion")
filed by Defendants KBS America and Korean Broadcasting System ("KBS") on April
4, 2025.  (Docket No. 80).  Plaintiffs SeeDevice Inc. and Dr. Hoon Kim filed an
Opposition on May 12, 2025.  (Docket No. 89).  Defendants filed a Reply on May 19,
2025.  (Docket No. 91).

The Court has considered the papers filed on the Motion and held a hearing on
**June 2, 2025**.

The Motion is **GRANTED *in part***.  After accounting for work unrelated to the
Anti-SLAPP Motion, vague and block billed time entries, and Defendants' partial
success on the Anti-SLAPP Motion, Defendants are awarded **$44,769.90** in reasonable
attorneys' fees and **$4,656** in costs.

I.    **BACKGROUND**

The parties are by now quite familiar with the factual background of this action,
which is largely set forth in the Court's Amended Order Denying Defendants' Motion
to Dismiss and Granting in Part Defendants' Special Motion to Strike (the "Prior
Order") (Docket No. 75).  Therefore, the Court will not repeat all of those facts here
but incorporates by reference the factual background from the Prior Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

In the Prior Order, the Court denied Defendants' Motion to Dismiss and granted in part Defendants' Anti-SLAPP Motion.  In resolving the Motion to Dismiss, the Court found that it had subject matter jurisdiction over the matter, that it had personal jurisdiction over KBS, and that SeeDevice had standing to pursue the action.  (Prior Order at 7-16).  In resolving the Anti-SLAPP Motion, the Court found that Defendants were entitled to rely upon the comments of the whistleblower and that Plaintiffs' claims were dismissed to the extent they challenged the Report based on the whistleblower's claims and Defendants' characterizations of those claims.  (*Id.* at 19-23).  However, the Court also found that both of Plaintiffs' claims could continue to the extent the Report communicated that Dr. Kim and his earlier company were required to return a government grant, without also reporting that the order compelling the return was overturned.  (*Id.* at 23-28).  Certain of the arguments made by Defendants in furtherance of the two motions appeared in both motions; specifically, Defendants argued in both motions that SeeDevice lacked standing to bring its claims and that Plaintiffs could not establish subject matter jurisdiction.  (Motion to Dismiss (Docket No. 37-1) at 14-15; Anti-SLAPP Motion (Docket No. 38-1) at 13, 17-19).  Though contained in both motions, Defendants' arguments on both issues failed.

Defendants now seek attorneys' fees and costs as authorized for a prevailing defendant under California's Anti-SLAPP statute.  *See* Cal. Civ. P. Code § 425.16(c)(1) ("Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs.").

## II.    **DISCUSSION**

The disputes between the parties generally concern two categories of issues.  First, Plaintiffs argue as a threshold matter that Defendants are not entitled to attorneys' fees and costs because Defendants were not the prevailing parties.  Second, Plaintiffs contest the reasonability of Defendants' fees and costs on various grounds.  Defendants request $100,845 in attorneys' fees and $4,656 in costs.  (Motion at 8).  Plaintiffs argue that, if fees and costs are awarded, they should be awarded in the total amount of $3,268.76.  (Opposition at 13).  In the Reply, which was filed after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

Defendants' Motion for Reconsideration was denied, Plaintiffs amend their requested amount of attorneys' fees to $99,525, declaring that 2.2 hours were spent on the unsuccessful Motion for Reconsideration.  (*See* Reply at 6 n.2, 8).

## A.    **Prevailing Party**

First, the Court finds that Defendants were the prevailing parties for purposes of the award of attorneys' fees and costs.  Plaintiffs argue that Defendants brought a litany of claims, most of which were unsuccessful, with the Motion to Dismiss being denied in full and the Anti-SLAPP Motion being denied in part.  (Opposition at 3-4).  Additionally, both of Plaintiffs' two claims remain intact—neither were dismissed.  Plaintiffs argue that "the relief Defendants secured was, as a practical matter, very limited," likening this case to one in which fees were denied where Anti-SLAPP motions "did not achieve any practical benefit."  (*Id.* at 4; *Williams v. Kula*, No. 20-CV-1120 TWR (AHG), 2020 WL 7770915, at *8 (S.D. Cal. Dec. 29, 2020)).

The Court disagrees.  To be sure, there are California cases in which a defendant that was successful in dismissing a claim was not found a prevailing party.  For instance, in *Endres v. Moran*, 135 Cal. App. 4th 952, 37 Cal. Rptr. 3d 786 (2006), the plaintiffs brought many tort claims and a claim for civil conspiracy.  The defendants sought to strike the complaint in its entirety but were successful in striking only one claim.  *Id.* at 954.  The court there found that the relief ultimately obtained was quite low in comparison to the requested relief and denied fees entirely.  *Id.*  The appellate court affirmed, finding that:

> The possible recovery against defendants did not change.  The factual allegations which defendants had to defend did not change.  The work involved in trying the case did not change.  Defendants' burden concerning their jurisdictional defense did not change.  The case was essentially the same after the ruling on the special motion to strike as it was before.  The results of the motion were minimal and insignificant, fully justifying the court's finding that defendants should not recover fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                          Date:  June 3, 2025

Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

*Id.* at 955.  This is not such a case.  The material to which Plaintiffs objected in the Report was equally—if not primarily—about the Report relaying and recharacterizing the comments of the whistleblower.  The Court found those aspects of the claims non-actionable, leaving only the material about the government grant.  Unlike in *Endres*, following the Anti-SLAPP Motion here, the factual allegations against which Defendants must defend changed substantially.  The case is much more limited than it was before the filing of the Anti-SLAPP Motion, and Defendants are therefore entitled to recover their legitimate fees and costs.

This is in keeping with California law, which establishes that a partially prevailing defendant may recover its fees.  "The phrase 'prevailing party' should be interpreted broadly to favor an award of attorney fees to a partially successful defendant." *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 338, 42 Cal. Rptr. 3d 607 (2006) (citing *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1018, 113 Cal. Rptr. 2d 625 (2001)).  In *ComputerXpress*, the defendant was deemed the prevailing party because it was successful in striking five of the nine claims brought by the plaintiff.  *ComputerXpress*, 93 Cal. App. 4th at 1017-21.  Here, while it is the case that Defendants were not successful in striking either claim entirely, this has more to do with the particular way the Complaint was written than the substantive relief Defendants secured.  As a counterfactual, had Plaintiffs brought each of the allegedly defamatory and libelous statements as a separate cause of action, the substantial majority of those claims would have been stricken.  Defendants undoubtedly secured important relief in partially prevailing on the Anti-SLAPP Motion, and the Court therefore intends to award legitimate fees and costs.  The Court also does not credit the argument that Defendants should not be considered prevailing parties because they prevailed on only one of the many arguments they brought.  As Plaintiffs are aware, a defendant may win a case in certain circumstances where it prevails on only one of a thousand arguments.  The Court is aware of no authority establishing that the ratio between successful and unsuccessful arguments is relevant to a fees motion, so long as the moving party secured substantial relief.

However, the Court notes that "[t]he fees awarded to a defendant who was only partially successful on an anti-SLAPP motion should be commensurate with the extent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

to which the motion changed the nature and character of the lawsuit in a practical
way."  *Griffin v. Strauss*, No. CV 22-06183-MEMF (PLAx), 2024 WL 647650, at *5
(C.D. Cal. Jan. 3, 2024) (quoting *Mann*, 139 Cal. App. 4th at 345).  Because the Anti-
SLAPP Motion was successful in striking most, but not all, of the challenged
statements in the Report, the Court will reduce the total fees awarded by 30% after
performing the itemized deductions described below.

### B.    Hourly Rate

"To determine a 'reasonable hourly rate,' the district court should consider:
'experience, reputation, and ability of the attorney; the outcome of the results of the
proceedings; the customary fees; and the novelty or the difficulty of the question
presented.'"  *Hiken v. Dep't of Defense*, 836 F.3d 1037, 1044 (9th Cir. 2016)
(quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir.
1986)).  "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing
fees in the community, and rate determinations in other cases, particularly those setting
a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market
rate."  *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1224 (9th Cir.
2016) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407
(9th Cir. 1990)).  "Once a fee applicant presents such evidence, the opposing party 'has
a burden of rebuttal that requires submission of evidence . . . challenging the accuracy
and reasonableness of the . . . facts asserted by the prevailing party in its submitted
affidavits.'"  *Chaudhry v. City of Los Angeles*, 751 F.3d 109, 1110-11 (9th Cir. 2014)
(quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)).

Defendants represent that the hourly rate charged in this matter for partners is
$600 per hour.  (Declaration of Lisa J. Yang ("Yang Dec.") (Docket No. 80-1) ⁋ 15).
The rate for the non-partners in this matter is $450 per hour.  (*Id.*).  Yang declares that
the hourly rate for attorneys with similar levels of experience as the partners in this
matter is typically $700-$1,000.  (*Id.*).

Plaintiffs do not object to the rate, which appears generally in line with (albeit
above) what Defendants' firm, LimNexus LLP, has charged in other matters.  *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 24-07779-MWF (PDx)**                    **Date:  June 3, 2025**

Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

*Brands United Ltd. v. Universal Studios Licensing, LLC*, No. CV 21-08764-SB (KSx),
2022 WL 2036317, at *2 (C.D. Cal. Feb. 24, 2022) (finding partner rate discounted
from $600 to $460 per hour reasonable, and associate rate discounted from $380 to
$232 per hour reasonable).

Accordingly, the Court finds these to be reasonable rates for the work performed
in this matter, especially given the skill demonstrated in the representation and the
complexity of the many issues involved.

### C.   Hours Billed

Defendants' counsel have billed 186.4 hours in connection with the Anti-SLAPP
Motion, as follows:

| Biller/category | No. hours | Total |
|---|---|---|
| Lisa J. Yang | 102.1 | $61,170 |
| Chan Jeon | 9.6 | $5,760 |
| Mark Hansen | 2 | $1,200 |
| Jungji Choi | 50.8 | $22,860 |
| Yidu Sun | 21.9 | $9,855 |
| Costs | - | $4,656 |
| **Total** | **186.4** | **$105,501** |

(Motion at 5).  However, Defendants will not be compensated for all of these claimed
hours.

### 1.   Fees for Filings Other than the Anti-SLAPP Motion

The Court agrees with Plaintiffs that there are several categories of fees for
which Defendants seek compensation that cannot be awarded.  As Plaintiffs represent,
Defendants seek $10,875 in connection with the Motion to Dismiss, $2,100 in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025

Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

connection with the Joint Stipulated Protective Order (Docket No. 51), $6,840 in
connection with the Opposition to Plaintiffs' Ex Parte Application for Leave to File a
Sur-Reply (Docket No. 67), and $1,320 in connection with the Motion for
Reconsideration.  (Defendants acknowledge in their Reply that the $1,320 sought for
the Motion for Reconsideration may be denied.  (Reply at 3 n.1.))  The Court may not
award fees "unrelated to either the merits motion or the fees motion."  *569 E. Cnty.
Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 441, 212
Cal. Rptr. 3d 304 (2016).

Upon review, the Court has confirmed that Defendants do seek costs for the
above-listed filings.  In her declaration, Yang writes that "[t]he billing entries on
Exhibit A have been redacted of attorney-client privileged and/or attorney work-
product information.  The billing entries on Exhibit A ***were also redacted for tasks not
necessary for the purpose of bringing the Anti-SLAPP Motion***, including tasks
***exclusively*** dedicated to filing the Motion to Dismiss."  (Yang Dec. ⁋ 7 (emphasis
added)).  She writes that "[a]ll of the time spent and costs incurred, as reflected in
Exhibit A, was reasonably necessary for bringing the Anti-SLAPP Motion."  (*Id.* ⁋ 8).
Defendants implicitly argue that certain billings might appear to be for tasks other than
the Anti-SLAPP Motion, but that those tasks were intertwined.

The Court disagrees:

Defendants provide no counterargument regarding the inclusion of the tasks
related to the Protective Order, and the Court does not see how those tasks are relevant
to the Anti-SLAPP Motion.  Accordingly, Defendants' fees are reduced by $2,100.

Defendants claim that they are entitled to $10,875 in fees relating to the Motion
to Dismiss, which the Court denied in its entirety.  Defendants argue that "[c]ourts
routinely allow parties to recover fees for simultaneously filed motions to strike and
dismiss in these circumstances."  (Motion at 7 (citing *Fallay v. San Francisco City and
County*, No. C 08-2261 CRB, 2016 WL 879632)).  The general rule is that "[w]ork that
is inextricably intertwined with an anti-SLAPP motion is compensable."  *Fallay*, 2016
WL 879632, at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

However, the Court does not find that the Motion to Dismiss was inextricably intertwined with the Anti-SLAPP Motion.  The Anti-SLAPP Motion concerned the arguments that the Report arose from protected activity, that the Report was true, that there was no malice, that SeeDevice was not a subject of the Report, that Plaintiffs could not establish subject matter jurisdiction, and that there were insufficient allegations of damages.  (*See generally* Anti-SLAPP Motion).  Meanwhile, the Motion to Dismiss was almost entirely jurisdictional—it concerned personal jurisdiction, subject matter jurisdiction, original jurisdiction, and *forum non conveniens* arguments.  (*See generally* Motion to Dismiss).

The Court viewed these matters as largely distinct; one dealt with procedural matters, the others with the substance of Plaintiffs' claims.  Still, there was a minor degree of overlap to the extent the Anti-SLAPP Motion concerned subject matter jurisdiction and SeeDevice's alleged lack of standing.  These were far from the focus of the Anti-SLAPP Motion, constituting just over one page of briefing, and largely directing the Court to the arguments made in the Motion to Dismiss.  (Anti-SLAPP Motion at 14-15).  The Court noted at the time that these arguments appeared oddly shoehorned into the Anti-SLAPP Motion:  "Plaintiffs spend much of the Opposition to the Anti-SLAPP Motion on jurisdictional matters that are more properly responsive to the material in the Motion to Dismiss." (Prior Order at 18).  As the Court sees it, the overlapping matters were collateral to the gravamen of the Anti-SLAPP Motion, and the Court certainly does not see the matters as inextricably intertwined.  The fee award is therefore reduced by $10,875, the amount claimed for work spent on the Motion to Dismiss.

Next, Defendants seek compensation for $6,840 in fees accrued in connection with their Opposition to Plaintiffs' Ex Parte Application for Leave to File a Sur-Reply.  In the Reply, Defendants argue as follows:  "In order to properly prosecute their Anti-SLAPP Motion, Defendants were forced to oppose Plaintiffs' *ex parte* application seeking to file an improper Sur-Reply." (Reply at 7).  Plaintiffs sought to file a Sur-Reply because Defendants allegedly raised two new arguments in their Reply brief— one concerning improper service, and the other concerning third-party validity testing of the subject technology.  (*See generally* Ex Parte Application).  Although the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

denied the Ex Parte Application in full, it did not do so because a Sur-Reply would
have been wholly improper.  The Court did note that a third-party verification
argument was reasonably responsive to Plaintiffs' arguments in their Opposition.
(Order Denying Ex Parte Application (Docket No. 66) at 1-2).  But the Court also
found that Defendants improperly raised the service of process issue for the first time
on Reply, and therefore had waived the defense under Federal Rule of Civil Procedure
12(h)(1).  (*Id.* at 1).  The Court could well have granted leave to file a Sur-Reply on the
service issue, because the simple fact was Defendants inappropriately made the
argument.  The Court does not find it reasonable to wholly award Defendants for their
Opposition to the Ex Parte Application where half of their requested relief was
substantively rejected because Defendants failed to present their arguments in
accordance with the requirements of the Federal Rules of Civil Procedure.

The Court thus finds it appropriate in its discretion to reduce Defendants'
requested fees related to this filing by 50%, to $3,420.  Put another way, the Court does
not believe the entirety of the Opposition was "inextricably intertwined" with the Anti-
SLAPP Motion because one of the two arguments was only and unjustifiably raised in
Reply.  Moreover, and more basically, the argument was only raised in the Reply in
Support of the Motion to Dismiss, not the Anti-SLAPP Motion.  (*See* Reply in Support
of Motion to Dismiss (Docket No. 62) at 7-9).

Plaintiffs also claim that $2,715 worth of attorneys' fees were accrued via "other
miscellaneous non-compensable tasks."  (Opposition at 6).  The Court agrees.  Amy
McCann Roller, Esq., counsel for Plaintiffs, itemizes these miscellaneous fees in her
Declaration.  (Declaration of Amy McCann Roller, Ex. 1 (Docket No. 89-2) at 12).
Plaintiffs seek compensation for the following tasks that are either too vaguely
described for the Court to determine that they were in furtherance of the Anti-SLAPP
Motion, or else the billing entry affirmatively shows that the fees were not accrued in
furtherance of the Anti-SLAPP Motion: 1) "Update memo per comments from client
and client legal team"; 2) "Emails with client's litigation team regarding litigation hold
notice"; and 3) "Draft stipulation re timing to respond to complaint."  (*Id.*).

Accordingly, the requested fees are reduced by a further $2,715.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

In total, therefore, the Court reduces Defendants' attorneys' fees by $20,430 for
having been accrued in furtherance of matters extricable from the Anti-SLAPP Motion.

## 2.  Block Billed and Vague Entries

"[B]lock billing makes it almost impossible for the Court to determine the
amount of reasonable hours spent on tasks related to [an] anti-SLAPP Motion."
*Harmoni Int'l Spice, Inc. v. Bai*, No. CV 16-00614-BRO (ASx), 2016 WL 6668262, at
*7 (C.D. Cal. July 29, 2016).  Courts will, therefore, reduce requested fees when
rendered unclear by block billing.  *See, e.g.*, *Beckham v. Bauer Publ'g Co.*, No. CV 10-
07980-R (SSx), 2011 WL 13579584, at *1 (C.D. Cal. May 13, 2011) (reducing Anti-
SLAPP fee award where "in many of [the] billing records, anti-SLAPP work is lumped
together with activities not regarding the anti-SLAPP motion").

Here, Defendants' block billing renders many of their entries unclear, and they
are not entitled to the entirety of the fees they seek for those entries.  The Court
reproduces below those entries and the discounts it imposes in its discretion.  However,
the Court views those entries that clearly respond only to the ***substantive allegations*** of
the Complaint as being fully compensable, because those were the topics addressed in
the Anti-SLAPP Motion, as opposed to the Motion to Dismiss.  Additionally, where
the work performed appears inextricably related to both motions, the Court finds that
the entries are fully compensable.

Many of the billing entries are so vague as to render it impossible to determine
whether the subject of the work was compensable or not.  Some, but not all, of the
billing entries are rendered vague because they were produced to the Court with
redactions in non-compliance with the Local Rules on filing sealed documents.
Although Defendants are of course under no obligation to reveal attorney-client
privileged material in a public filing, they have also made it difficult or impossible for
the Court to fully compensate them for those entries that they fail to assure the Court
are actually related to compensable work.  Still other entries are vague in the simplest
sense:  The entries are so general that the Court cannot know to which subjects they
relate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

| REDUCTION CHART | | | | | | |
|---|---|---|---|---|---|---|
| **Date** | **Attorney** | **Task** | **Hour/Rate** | **Court's Ruling** | **% Deduction** | **Fees reduced** |
| 10/10/2024 | LJY | Strategy meeting with team regarding issues to be researched in response to Complaint. | 0.8, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $144 |
| 10/10/2024 | LJY | Emails with client regarding [redacted] | 0.4, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $72 |
| 10/11/2024 | LJY | Emails with client and client legal team regarding status, evidence and strategy | 0.6, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $108 |
| 10/14/2024 | JC | Review various and Korea court orders received docs from clients | 1.7, $450/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $229.50 |
| 10/15/2024 | JC | Review previous rulings by Korea court and related news reports | 1.6, $450/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $216 |
| 10/18/2024 | LJY | Emails with team regarding defense and analysis of complaint; | 0.4, $600/hr | Vague, impossible to determine extent relevant | 30% | $72 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

| | | conferences with team regarding same | | to Anti-SLAPP Motion; block billed. | | |
|---|---|---|---|---|---|---|
| 10/22/2024 | LJY | Prepare for strategy meeting re defenses; attend meeting | 1.2, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion; block billed. | 30% | $216 |
| 10/28/2024 | JC | Prepare for litigation strategy meeting with team (1.6); discuss litigation strategy with Lisa Yang and Chan Jeon (0.5) | 2.1, $450/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion; block billed. | 30% | $283.50 |
| 11/06/2024 | LJY | Review research materials; review research memo, draft portions of memo; conferences with Chan Jeon regarding same; emails with team regarding same. | 1.9, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion; block billed. | 30% | $342 |
| 11/06/2024 | CJ | Attended meeting with Client [Redacted] | 0.8, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $144 |
| 11/11/2024 | LJY | Legal research re Anti-SLAPP motion basis; draft memo | 6.2, $600/hr | Block billed; impossible to determine | 30% | $1,116 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 24-07779-MWF (PDx)**                    **Date:  June 3, 2025**
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

| | | regarding motion to dismiss; emails with counsel for co defendant regarding joint strategy re motion to dismiss | | compensable time worked. | | |
|---|---|---|---|---|---|---|
| 11/11/2024 | JC | Review and finalize memo for client | 5.9, $450/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $796.50 |
| 11/12/2024 | LJY | Revise and edit memo and reference materials; emails with team regarding same | 2.2, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $396 |
| 11/19/2024 | CJ | Confer with LJY re: meet and confer and related issued to be conferred with OC | 0.6, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $108 |
| 12/09/2024 | LJY | Draft Motion to Dismiss; draft Anti-SLAPP Motion | 3.7, $600/hr | Block billed; impossible to determine compensable time worked. | 50% | $1,110 |
| 12/11/2024 | JC | Prepare emails to translators re sensitive terms | 0.7, $450 | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $94.50 |
| 12/12/2024 | LJY | Emails with client and client legal | 0.4, $600/hr | Vague, impossible to | 30% | $72 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | team regarding motion documents and declarations, revisions needed, and meeting to finalize declarations | | determine extent relevant to Anti-SLAPP Motion; block billed. | | |
| 12/13/2024 | JC | Update memo per comments from client and client legal team; research helpful cases; prepare email to client re declaration of Kyongkyun Shin; research certificate of complaince [sic] to be attached to the motion to dismiss | 3.6, $450/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion; block billed. | 30% | $486 |
| 12/15/2024 | LJY | Prepare Notice of Motion re Anti SLAPP motion; revise and edit declaration of Jae Eun Shin, Cheong Yun Kim, and Kyongkyun Shin; revise and edit Anti-SLAPP Motion; revise and edit Motion to Dismiss | 4.7, $600/hr | Block billed; impossible to determine compensable time worked. | 30% | $846 |
| 12/15/2024 | LJY | Video conference with Jae Eun Shin regarding | 1.2, $600/hr | Vague, impossible to determine | 30% | $216 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

|  |  | declaration; video conference with Cheong Yun Kim regarding declaration; emails with client and client legal team regarding all filings |  | extent relevant to Anti-SLAPP Motion; block billed. |  |  |
|---|---|---|---|---|---|---|
| 12/16/2024 | LJY | Revise and edit Anti SLAPP Motion; revise and edit Motion to Dismiss; revise and edit Request for judicial notice, notice of Anti-SLAPP Motion; finalize all documents for filing | 4.9, $600/hr | Block billed; impossible to determine compensable time worked. | 30% | $882 |
| 12/16/2024 | LJY | Arrange for final edits to all documents for filing; communications with team regarding filing issues with ECF; conferences regarding local rules re filing; coordinate all documents for filing. | 1.9, $600/hr | Block billed; impossible to determine compensable time worked. | 30% | $342 |
| 12/17/2024 | LJY | Revise and edit Anti SLAPP motion and | 4.8, $600/hr | Block billed; impossible to determine | 50% | $1,440 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  |  | Motion to Dismiss and all supporting documents; draft proposed orders for both motions for filing |  | compensable time worked. |  |  |
| 12/18/2024 | LJY | Prepare statement re interested parties for filing; prepare and send notice to Slapp@jud.ca.gov re Anti-SLAPP motion filed | 0.8, $600/hr | Block billed; impossible to determine compensable time worked. | 30% | $144 |
| 1/13/2025 | LJY | Review and analyze Plaintiffs' Opposition to Motion to Strike and all supporting declarations and exhibits; review and analyze Opposition to Motion to Dismiss and all supporting declarations and exhibits. | 2.3, $600/hr | Block billed; impossible to determine compensable time worked. | 50% | $690 |
| 1/14/2025 | CJ | Attended conference with Client and LJY re: [redacted] | 0.5, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $90 |
| 1/14/2025 | LJY | Conference with client [redacted] | 0.6, $600/hr | Vague, impossible to determine extent relevant | 30% | $108 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                           Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

|  |  |  |  | to Anti-SLAPP Motion. |  |  |
|---|---|---|---|---|---|---|
| 1/15/2025 | CJ | Attended meeting with client's legal team re: [redacted] | 0.8, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $144 |
| 1/15/2025 | CJ | Attended strategy meeting with Team re: opposition papers filed by Plaintiffs' counsel [redacted] | 0.6, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $108 |
| 1/15/2025 | LJY | Prepare for and attend internal strategy meeting re analysis of Opposition and strategy for Reply; emails with Yidu Sun regarding evidentiary objections and bases | 0.9, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion; block billed. | 30% | $162 |
| 1/19/2025 | LJY | Conference with client [redacted] | 0.7, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $126 |
| 1/19/2025 | CJ | Cont'd review and analysis of oppositions to Motion to Strike and Motion to Dismiss filed by | 1.4, $600/hr | Block billed; impossible to determine compensable time worked. | 50% | $420 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 24-07779-MWF (PDx)**                    **Date:  June 3, 2025**
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

|  |  | OC; attended meeting with Client Legal Team re: comments from reviewing Plaintiffs' opposition papers, strategies and case analysis in preparation for reply briefs for both Motion to Strike and Motion to Dismiss |  |  |  |  |
|---|---|---|---|---|---|---|
| 1/21/2025 | LJY | Draft outline for Reply re Motion to Dismiss; draft outline for Reply re Motion to Strike | 2.9, $600/hr | Block billed; impossible to determine compensable time worked. | 50% | $870 |
| 1/26/2025 | YS | Reviewed and analyzed [declarations] for evidentiary objections to plaintiffs' oppositions to motions to dismiss and strike, includes reviewing applicable rules of evidence and exhibits in contention | 2.0, $450/hr | Block billed; impossible to determine compensable time worked. | 30% | $270 |
| 1/27/2025 | CJ | Reviewed draft reply briefs for | 1.6, $600/hr | Block billed; impossible to | 50% | $480 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

|  |  | Motion to Strike and Motion to Dismiss [redacted] |  | determine compensable time worked. |  |  |
|---|---|---|---|---|---|---|
| 1/27/2025 | LJY | Draft Declaration of Kyong Kyun Shin; revise and edit same; revise and edit Reply re Motion to Dismiss; revise and edit Reply Motion to Strike; revise and edit evidentiary objections. | 8.9, $600/hr | Block billed; impossible to determine compensable time worked. | 30% | $1,602 |
| 1/27/2025 | YS | Drafted evidentiary objections to plaintiffs' oppositions to motions to dismiss and strike [redacted] | 2.4, $450/hr | Block billed; impossible to determine compensable time worked. | 50% | $540 |
| 1/27/2025 | YS | Reviewed two declarations under seal and revised evidentiary objections based on those declarations | 1.5, $450/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $202.50 |
| 2/03/2025 | YS | Conducted brief supplementary legal research into best evidence rule and authentication rules for the | 0.5, $450/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $67.50 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

|  |  | evidentiary objections |  |  |  |  |
|---|---|---|---|---|---|---|
| 2/05/2025 | LJY | Emails with client regarding continuance of hearings per courts own motion and various versions of briefing by the parties. | 0.6, $600/hr | Vague, impossible to determine extent relevant to Anti-SLAPP Motion. | 30% | $108 |
| 3/03/2025 | LJY | Review all Motion to Dismiss and Anti-SLAPP Motion, opposition, reply, and supporting materials in preparation for hearing. | 3.3, $600/hr | Block billed; impossible to determine compensable time worked. | 30% | $594 |
| **Total Reduction** | | | | | | **$ 16,458.00** |

Adding the $16,458 for vague and block billed entries with the $20,430 Defendants seek for non-compensable work, the Court finds it appropriate to reduce Defendants' fee award by $36,888.  Defendants seek $100,845 (Motion at 8), making the post-deduction award $63,957.  As explained above, the Court also finds it appropriate to reduce this number by 30% in view of Defendants' relative success in the Anti-SLAPP Motion.  Therefore, Defendants are ultimately entitled to **$44,769.90** in fees.

At the hearing, Plaintiffs argued that in view of the large number of block-billed entries that bill for work in furtherance of both the Anti-SLAPP Motion and the Motion to Dismiss, a larger discount would be appropriate.  However, the Court believes that the above analysis considers the degree of block billing.  In the above chart, certain entries are discounted at a 50% rate, rather than a 30% rate, where the work is truly split between Anti-SLAPP and Motion to Dismiss work, and where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-07779-MWF (PDx)                    Date:  June 3, 2025
Title:  SeeDevice Inc. et al. v. Korean Broadcasting System et al.

Court cannot determine that the work performed on the Motion to Dismiss is inextricable from the Anti-SLAPP Motion.

### D.    Costs

Defendants seek $4,656 in costs for translating Korean-language documents. Plaintiffs argue that these costs should be considered non-compensable because the Anti-SLAPP Motion "relied on only the documents already translated by Plaintiffs." (Opposition at 7 (citing Anti-SLAPP Motion at 13 n.5)).  The cited footnote in the Anti-SLAPP Motion states that for purposes of that Motion, "Defendants rely on Plaintiffs' unofficial auto-translation of the Subject Report that was broadcast."  (Anti-SLAPP Motion at 13 n.5).

However, the vast majority of the costs incurred for translation appear to have been for the translation of a Korean court decision, the English translation of which was attached to the Anti-SLAPP Motion.  (*See* Motion at 8 ("The costs are reasonable for the length and complexity of the documents needed for translation, including a Korean court judgment in excess of 30 pages."); Yang Dec., Ex. A at 5 (showing that $4,000 was disbursed for translation of a 33-page document from Korean into English); Request for Judicial Notice, Ex. D (Docket No. 37-6) (English translation of Korean court decision)).

Accordingly, the Court cannot find that Plaintiffs have pointed to any reason why the translation costs were objectionable.

### III.    CONCLUSION

The Motion is **GRANTED** *in part*.  Defendants are awarded **$44,769.90** in reasonable attorneys' fees and **$4,656** in costs to be paid by Plaintiffs within 14 days of the filing of this Order.

IT IS SO ORDERED.