Jonathan S. Pink (SBN 179685)
jonathan.pink@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD AND SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213-250-7900

Megan L. Meier (*pro hac vice*)
megan.meier@mwpp.com
Archith Ramkumar (*pro hac vice*)
archith.ramkumar@mwpp.com
Amy McCann Roller (*pro hac vice*)
amr@mwpp.com
Hannah Menchel (*pro hac vice*)
hannah.menchel@mwpp.com
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th Street, NW, Suite 550
Washington, DC 20006
Telephone: (202) 318-3655

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SEEDEVICE INC., & DR. HOON KIM,<br><br>*Plaintiffs*,<br><br>v.<br><br>KOREAN BROADCASTING SYSTEM; & KBS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:24-cv-7779 MWF (PDx)<br><br>**Plaintiffs' Opposition to Defendants' Motion to Continue Trial**<br><br>Concurrent Filings: Meier Declaration; Proposed Order<br><br>Hearing Date: December 16, 2026<br>Time: 10:00 am<br>Hon. Michael W. Fitzgerald<br>Trial Date: Jan. 26, 2027 |

# TABLE OF CONTENTS


TABLE OF CONTENTS ........ ii

I. RELEVANT BACKGROUND ........ 2

A. Scheduling, deadlines, and Defendants' failures to meet them ........ 2

B. The C.Y. Kim testimony that Defendants have chosen not to preserve ........ 3

II. LEGAL STANDARD ........ 4

III. ARGUMENT ........ 4

A. Defendants have not diligently readied their defense for the original trial, and the only reason C.Y. Kim's direct testimony is unavailable to Defendants is because they chose not to take it, manufacturing his unavailability to support the continuance they want. ........ 5

B. There is no guarantee that a continuance of any length would result in C.Y. Kim taking the stand live at trial. ........ 6

C. Granting the continuance would substantially inconvenience the Court and the Plaintiffs, who have structured their schedules around the existing trial date. ........ 7

D. Defendants will not be prejudiced by presenting absent-witness testimony through a video deposition—a routine, widely used practice. ........ 7

IV. CONCLUSION ........ 9

CERTIFICATE OF COMPLIANCE ........ 11

The defamatory video report at issue was primarily authored by a Korea-based reporter, C.Y. Kim. He is a witness both parties plan to call, but he will be unavailable during the long-scheduled week of trial due to the anticipated birth of his second child. Defendants have known he would be unavailable since before Plaintiffs learned of the issue, but did not proactively bring it to Plaintiffs' attention. Rather, Plaintiffs learned of the witness's unavailability when they asked him whether he planned to travel for trial during his deposition.[1] Defendants and Plaintiffs fundamentally disagree over how to deal with that unavailability: either by upending the trial date and inconveniencing the Court, parties, and witnesses, or by recording his testimony in advance and presenting it to the jury by video.[2] The safer, more sensible course of action is to take a trial deposition prior to the birth of his second child and provide C.Y. Kim with the freedom to take as much parental leave as he needs, while the trial proceeds as scheduled.

The Ninth Circuit has identified four considerations for evaluating whether to continue a trial date, all of which favor denying Defendants' proposal: (1) movant's diligence in preparing his case for the original trial date; (2) whether the continuance will allow the moving party to accomplish the ends for which it is sought; (3) the inconvenience a continuance would cause the court, other parties, and witnesses; and (4) the extent to which movant might be prejudiced by denial. *Janis v. Ashcroft*, 94 Fed. App'x 564, 566 (9th Cir. 2004). Here, Defendants have repeatedly disregarded pretrial deadlines and failed to preserve C.Y. Kim's testimony in a timely fashion; the continuance will assure nothing but more uncertainty in the schedule (he may or may not be available once the case can be re-scheduled at a time others can attend); continuing trial will upend

---

[1] Despite Defendants' suggestion that they did not learn of the issue until C.Y. Kim's deposition (Mot. at 1), the record clearly shows they already knew, remarking that: "I was going to raise this issue later, but it came up here. I may be asking for a trial continuance if we can't stipulate based on his availability[.]" (Ex. C at 9:5-9 (C.Y. Kim Dep.).)

[2] While Plaintiffs initially suggested a variety of options to avoid the continuance, the trial deposition makes the most sense.

Plaintiffs' schedule, long planned around this case; and courts widely recognize that deposition testimony—particularly video deposition testimony—is an adequate substitute for live testimony at trial, so no prejudice will accrue. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2352 (4th ed.) (courts routinely find no prejudice when "the testimony of a missing scheduled trial witness was available in the form of a deposition or with reasonable effort could have been obtained in that form").

In short, the Motion should be denied, and the parties should timely prepare for trial.

# I. RELEVANT BACKGROUND

## A. Scheduling, deadlines, and Defendants' failures to meet them

Trial in this defamation suit has been scheduled to start on January 26, 2027. (Order at 2 (July 1, 2025) (Dkt. No. 101); Compl. (Sept. 11, 2024) (Dkt. No. 1).) Plaintiffs' counsel has long planned other obligations around the trial date and, as a result, if the trial does not move forward as currently scheduled, they will be largely unavailable until July 2027. (Meier Decl. ¶ 2.)

At this juncture, fact discovery is closed and summary judgment has been fully briefed. (*Id.* ¶ 4.) Only expert depositions remain. (Am. Scheduling Order at 1 (Oct. 19, 2026) (Dkt. No. 164).) After several extensions, those depositions were set to be completed by December 4 (*id.*; *see also* Stipulations (Dkt. Nos. 139, 162)), but Defendants ignored all efforts to schedule them by the deadline, including emails on October 29 and November 3 and deposition notices served on November 9. (Meier Decl. ¶ 5.) Not until November 18—the week before Thanksgiving—did Defendants engage on the issue, when Plaintiffs asked about their expert's lunch preferences for depositions on the noticed dates. (*Id.* ¶ 6.) Defendants' responses revealed they hadn't even discussed scheduling depositions with their experts. (*Id.*) They also requested, *for the first time*, dates to depose Plaintiffs' expert Doug Bania, with only nine non-holiday workdays left in the expert discovery period. (*Id.*) (That request was untimely under the Court's pre-trial Order.)[3]

[3] "All depositions shall commence sufficiently in advance of the discovery cut-off date to

To avoid needless disputes, Plaintiffs worked to accommodate two of the three depositions after the discovery period end date. (*Id.* ¶ 7.)

Moreover, pre-trial preparations are well under way. The parties have already met and conferred about motions in limine, and the deadline to exchange jury instructions and verdict forms was Friday, November 20. (*Id.* ¶ 8.) While Plaintiffs exchanged jury instructions on the required date, Defendants disregarded the Court's deadline. (*Id.*) After pre-trial submissions on December 2 and 9, this case will be packaged for trial.

B. The C.Y. Kim testimony that Defendants have chosen not to preserve

In this case, the defamatory video report was primarily authored by a Korea-based reporter, C.Y. Kim, who has been on paternity leave since November 16, 2025, and plans to return to work on November 30 of this year. (Nov. 18, 2026 Declaration of C.Y. Kim, ¶¶ 2-4 ("Kim Decl.") (Dkt. No. 169-2).) He was deposed on September 4 and 7, 2026, when all counsel, a Korean-English translator, and an American court reporter flew from the U.S. to South Korea for his deposition and a videographer flew in from Taiwan. (Meier Decl. ¶¶ 9-10.) All stayed in Seoul for at least a week. (*Id.*) At the beginning of day 1 of his deposition, Plaintiffs asked C.Y. Kim whether he would travel to the U.S. for trial and were shocked to learn that he did not plan to attend because his second child is due on January 26, 2027—the day trial is set to begin. (Ex. C at 8:16-9:9.) Because of that, he says he plans to be on parental leave again beginning in late-January 2027. (*Id.*) He stated that he currently plans to return to work in early April (Kim Decl. ¶ 4), but Korean law entitles him to two years' leave following the birth of each child (Ex. C at 155:12-13).

When Plaintiffs learned of the issue on September 4, ***defense counsel already knew***, interjecting that: "I was going to raise this issue later, but it came up here. I may be asking

---

permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition before the cut-off date. Given the requirements to 'meet and confer' and to give notice, in most cases a planned motion to compel must be discussed with opposing counsel at least six weeks before the cut-off." (Initial Pretrial Order at 3 (Dkt. No. 101).)

for a trial continuance if we can't stipulate based on his availability[.]" (*Id.* at 9:5-9.) Despite that, defense counsel chose not to question the witness on the record to perpetuate his testimony for later presentation. (Meier Decl. ¶¶ 13.) Nor have Defendants noticed his deposition at any time since. (*Id.*)

## II. LEGAL STANDARD

The pretrial scheduling order is designed to allow the district court to manage its calendar and to facilitate efficient disposition of cases by settlement or by trial. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). It can only be changed with the court's consent and for "good cause." Fed. R. Civ. P. 16(b)(4). A scheduling order is not "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610. And in this Court, "continuances will not be granted routinely." Procedures, *Honorable Michael W. Fitzgerald* (last visited Nov. 18, 2026), https://apps.cacd.uscourts.gov/Jps/honorable-michael-w-fitzgerald.

## III. ARGUMENT

The Ninth Circuit has identified four factors to consider when evaluating whether a trial continuance is warranted in a particular case. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). They include: (1) the moving party's diligence in his efforts to ready his defense prior to the original trial date; (2) whether the continuance will allow the moving party to accomplish the ends for which it is sought; (3) the extent to which granting the continuance will inconvenience the court and the opposing party, including its witnesses; and (4) "the extent to which the [moving party] might … suffer[] harm." *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985); *Janis v. Ashcroft*, 94 Fed. App'x 564, 566 (9th Cir. 2004) (same). "The fourth (and mandatory) element … requires a demonstration of prejudice." *Danjaq*, 263 F.3d at 961. Here, all four factors weigh in favor of denying the continuance.

A. Defendants have not diligently readied their defense for the original trial, and the only reason C.Y. Kim's direct testimony is unavailable to Defendants is because they chose not to take it, manufacturing his unavailability to support the continuance they want.

Defendants' failure to prepare for the scheduled trial date weighs strongly against a continuance. *See Flynt*, 756 F.2d at 1359 (first factor considers the moving party's diligence in his efforts to ready his defense prior to the original trial date).

As trial approaches, Defendants have repeatedly dragged their feet—ignoring emails about pre-trial matters, resisting efforts to schedule their experts' depositions, failing to timely organize the deposition of Plaintiff's expert (contrary to the scheduling order), and choosing to disregard the Court's deadline to exchange proposed jury instructions and verdict forms. (*See* Section I.A, *supra*, at 2:17-26 & n.3.) And, despite knowing that C.Y. Kim is unavailable for trial, defense counsel chose not to take his testimony during his September 4 and 7 depositions. (Section I.A, *supra*, at 3:22-4:4; Meier Decl. ¶ 12.) At that time, all counsel had flown to South Korea, along with a Korean-English translator, a U.S.-qualified court reporter, and a videographer, all of whom stayed in Seoul for at least a week. (Meier Decl. ¶ 11.) Defendants had all necessary tools to cure C.Y. Kim's unavailability at that time by taking his testimony for trial. But they did not and have not taken his testimony in the weeks since. (*Id.* ¶ 13.) A party that has the witness in front of him, knows the witness will be unavailable for trial, and declines to preserve his testimony has not been diligent in preparing his case. *See United States v. Crosswhite*, 24 F.3d 250 (9th Cir. 1994) (defendants were not diligent where they "had more than five months after their guilty plea to arrange for medical testimony" and failed to do so). Instead, Defendants made a tactical choice, and the Court should not reward them with a continuance.

Defendants' failure to prepare for the scheduled trial weighs strongly against their request.

B. <u>There is no guarantee that a continuance of any length would result in C.Y. Kim taking the stand live at trial.</u>

The next factor considers whether the continuance will allow the moving party to accomplish the ends for which it is sought. *See Flynt*, 756 F.2d at 1359. It would not.

Defendants request the continuance so that C.Y. Kim can attend the trial live in person. But Defendants have no assurance that a continuance of any length would result in him taking the stand at trial live. While he may currently plan to resume working by early-April 2027, there are no guarantees. After all, C.Y. Kim is currently on a year-plus leave for his first child, caring for a newborn *and* a 1-year-old is no small feat, and Korean law entitles parents to two years' leave for each child. (Ex. C at 155:8-13.) C.Y. Kim could always choose to extend his leave by another year or two, as authorized under Korean law.

Defendants have a better way to guarantee the testimony they need: taking a trial deposition before he goes on leave,[4] which would be admissible under Rule 32(a)(4), providing that the deposition of an unavailable witness (including one outside the U.S.) may be used at trial. While Defendants chose not to take the deposition during the discovery period, Plaintiffs do not object to taking his deposition now.[5] And with two months remaining before trial commences, there is ample time to convene. The testimony Defendants say they need is, therefore, available now.

Defendants are asking the Court to disrupt its calendar and the parties' schedules for a speculative benefit. The safer, more sensible course of action is to take his testimony through a trial deposition prior to the birth of his second child and provide him with the

[4] *See Spatola v. Desrouleaux*, No. CV 23-06191-MWF (EX), 2025 WL 1122386, at *1-2 (C.D. Cal. Mar. 7, 2025) (discussing trial preservation depositions as an alternative to live remote testimony).

[5] That knowing choice would ordinarily pose an obstacle to taking a deposition now. *See Spatola*, 2025 WL 1122386, at *2 (good cause to take trial deposition after the discovery period, which exists when the party justifiably believed that the witness would be available to testify live) (Fitzgerald, J.).

freedom to take as much leave as he is entitled to. That weighs against a continuance.

C. Granting the continuance would substantially inconvenience the Court and the Plaintiffs, who have structured their schedules around the existing trial date.

The third factor looks at the extent to which granting the continuance will inconvenience the opposing party and the court. *See Flynt*, 756 F.2d at 1359 (third factor considers the inconvenience a continuance would have caused the court and other parties). The burden here is substantial: Plaintiffs' lead counsel has structured her professional commitments around the January 26, 2027 trial date since it was scheduled. Because of that, if trial does not conclude by March 5, 2027 (prior to the date proposed by Defendants), then Plaintiffs' lead trial counsel will be unavailable until at least July 2027 due to other obligations, including trials and arbitrations, that were scheduled in reliance on the current trial. (Meier Decl. ¶ 2.) Contrary to Defendants' suggestion (Mot. at 7), opposing counsel's busy schedule is exactly what the "convenience" factor considers: "the court which hears the request for a continuance should consider the hardship to counsel and clients when … adjustments which adversely affect other professional commitments [are] required." *United States v. Charnay*, 577 F.2d 81, 84 (9th Cir. 1978). Plaintiffs' counsel was entitled to rely on the existing schedule—which Defendants seek to upend to accommodate their own preference for live testimony—and cannot be faulted for being unavailable during Defendants' sudden unilateral demand for a late-April trial. And this Court maintains a busy docket that will need to be accommodated when re-scheduling trial too. These realities weigh against Defendants' request for continuance.

D. Defendants will not be prejudiced by presenting absent-witness testimony through a video deposition—a routine, widely used practice.

Defendants will suffer no cognizable prejudice from proceeding with the existing date for trial. *See Flynt*, 756 F.2d at 1359 (fourth and most important factor considers whether the moving party will be prejudiced by denial of a continuance). Defendants cannot make that critical showing because the harm is completely avoidable: C.Y. Kim's testimony will be available just like it would be live, so long as Defendants take a trial

deposition. Courts routinely find there is no prejudice to the moving party when "the testimony of a missing scheduled trial witness"—even a key witness—is "available in the form of a deposition or with reasonable effort could have been obtained in that form." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2352 (4th ed.); 33 Federal Procedure, Lawyers' Edition § 77:32 (continuances "based upon the absence of a witness" are properly denied "where the movant has not used due diligence … to obtain the testimony by other available avenues"); *SCF Waxler Marine, LLC v. Aris T M/V*, 24 F.4th 458, 475 (5th Cir. 2022) ("Denying the continuance did not prejudice [movant] because the trial court admitted [the witness's] video perpetuation deposition as evidence."); *Amarin Plastics, Inc. v. Maryland Cup Corp.*, 946 F.2d 147, 152 (1st Cir. 1991) (no prejudice where "despite being given an opportunity to depose [the witness], [the company] did not avail itself," instead moving for a continuance); *Fairway Ctr. Corp. v. U.I.P. Corp.*, 502 F.2d 1135, 1143 (8th Cir. 1974) (when a party had "no valid excuse for not having taken the desired depositions" then the witness's unavailability did not justify continuing trial); *Lane v. Wallace*, 579 F.2d 1200, 1202 (10th Cir. 1978) (no prejudice because a deposition, even one taken by adverse counsel, was an adequate substitute for witness's live testimony at trial); *Krodel v. Houghtaling*, 468 F.2d 887, 887-88 (4th Cir. 1972) (no continuance warranted to obtain witness testimony where counsel failed to take the witness's depositions prior to trial); *King v. United Ben. Fire Ins. Co.*, 377 F.2d 728, 730 (10th Cir. 1967) (no prejudice where defendant himself was unable to testify at trial because "it was not shown that he would or could testify to any facts beyond, or different from, those covered by his deposition which was available for the purposes of the trial"). *Cf. United States v. Golshan*, No. 23-4030, 2025 WL 570098, at *1 (9th Cir. Feb. 21, 2025) (no prejudice where court had expert's report at sentencing).

Defendants claim that "it is inherently prejudicial for one side's witnesses to appear in person while the other side's key witness appears only on a pre-recorded video." (Yang Decl. ¶ 11; Mot. at 1.) Not so. Prejudice requires a showing that the witness's "testimony at the trial ***beyond his mere presence*** would be of such moment as to render denial of the

continuance prejudicial to his defense." *King*, 377 F.2d at 730 (emphasis added). There can be no such showing here; Defendants remain free to record any necessary trial testimony in advance, and that type of videotaped perpetuation deposition is uniquely effective in circumstances like this. *SCF Waxler*, 24 F.4th at 475 ("as the district court explained, '[the video] was taken for perpetuation purposes, and that's what the rules provide, and for – just for situations such as this that are unanticipated that render a witness unavailable, and then the deposition becomes the reasonable substitute'").

Defendants also complain that they won't know what evidence is being admitted until trial (Mot. at 6), but presenting testimony by deposition is routine and always poses that risk. Moreover, exhibit lists are due before this Motion is even scheduled to be heard. Based on that information Defendants can take as many modules as needed and tailor their designations for trial based on later events. That practice is, again, a routine and necessary part of every civil trial.

Any prejudice Defendants would suffer is self-inflicted: they knew of the conflict, passed up the opportunity to examine their witness while he sat before them, and have not noticed his deposition since. Harm that a party could have avoided with minimal effort, and still can, is not the kind of prejudice that justifies delaying the proceedings. With months remaining before the case proceeds to trial, there remains time to convene a trial deposition. If Defendants fail to do so, that is a self-inflicted wound, not good cause justifying a continuance that would wreak havoc on the schedule of all involved. While counsel made the strategic choice not to take their witness's testimony since learning he would be unavailable, that choice does not entitle them to a continuance.

## IV. <u>CONCLUSION</u>

All four recognized factors weigh against a continuance. In absence of any good cause for delay, Defendants' Motion should be denied.

Dated: November 25, 2026 


<u>*/s/Amy McCann Roller*</u>

Megan L. Meier (*pro hac vice*)
Amy McCann Roller (*pro hac vice*)
Hannah Menchel (*pro hac vice*)
Archith Ramkumar (*pro hac vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th Street, NW, Suite 550
Washington, DC 20006
Telephone: (202) 318-3655
Email: megan.meier@mwpp.com
Email: hannah.menchel@mwpp.com
Email: amr@mwpp.com
Email: archith.ramkumar@mwpp.com

Jonathan S. Pink (SBN 179685)
LEWIS BRISBOIS BISGAARD AND SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213-250-7900
Email: jonathan.pink@lewisbrisbois.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

For Local Rule 11-6.1 purposes, the undersigned certifies that this brief contains 3,263 words, which complies with the 7,000-word limit.

DATE: November 25, 2026

*/s/Amy McCann Roller*